IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Feng Chen,<br><br>    Petitioner,<br><br>vs.<br><br>Kip Crowler, et al.,<br><br>    Respondents. | No. CIV 08-1922-PHX-SRB (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

    Feng Chen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that immigration officials are holding him in detention pending his removal to China. He argued that he was entitled to release from custody because his detention with no prospect that his removal will be effected in the reasonably foreseeable future was not authorized by law. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). The government argued in its response that the passage of time alone is insufficient to meet Chen's burden of showing that no likelihood of removal exists in the reasonably foreseeable future, and that the government has made continuous efforts to remove him during his detention. The government further contended that Chen had not met his burden in showing that there is no substantial likelihood of removal in the reasonably foreseeable future. On January 19, 2010, Respondents filed a Notice to the Court and Suggestion of Mootness, notifying the Court that Chen had been released under an Order of Supervision on March 10, 2009. *See* Doc. #20.

**IT IS THEREFORE RECOMMENDED** that Petitioner Feng Chen's Petitioner for Writ of Habeas Corpus be denied as moot (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 22nd day of January, 2010.

_____
David K. Duncan
United States Magistrate Judge